**FIRST CITY NATIONAL BANK AND TRUST COMPANY, Plaintiff–Appellant,**

v.

**Freddy L. SIMMONS, and Herman Carter Moody, Defendants–Appellees.**

**Nos. 1033, 1035, Dockets 89–7111, 89–7055.**

United States Court of Appeals, Second Circuit.

Argued April 18, 1989.

Decided June 26, 1989.

Richard M. Kraver, Eileen Malunowicz, of counsel, Kraver & Levy, New York City, for plaintiff-appellant.

Roman Badiak, New York City (Badiak & Will, New York City, of counsel), for defendants-appellees.

Before VAN GRAAFEILAND, ALTIMARI and MAHONEY, Circuit Judges.

ALTIMARI, Circuit Judge:

These two separate appeals, which we have consolidated for purposes of this opinion, are from orders entered in the United States District Court for the Southern District of New York (Haight *and* Duffy, JJ.). Plaintiff-appellant First City National Bank and Trust Co. ("FCNB") commenced the underlying diversity action against defendants-appellees Freddy L. Simmons, 88 Civ. 3117 (S.D.N.Y.1988) and Herman Carter Moody, 88 Civ. 3116 (S.D.N.Y.1988) seeking repayment of promissory notes in its favor. Personal jurisdiction over Simmons and Moody was premised on business transactions engaged in by defendants, either personally or through an agent, in New York. Defendants moved, pursuant to Fed.R.Civ. P. 12(b)(1) and (2), to dismiss FCNB's complaint for lack of subject matter and *in personam* jurisdiction. In support of their motions, Simmons and Moody requested that the court decline to exercise its jurisdiction on grounds that prior to the filing of FCNB's New York actions, defendants had filed related actions in the United States District Court for the Western District of Oklahoma. Based on the presumption favoring the forum wherein suits are first filed, the district court dismissed FCNB's action against Simmons without prejudice, pending final determination of the prior filed Oklahoma suit. Although the court did not explicitly state its dismissal of FCNB's claim against Moody was without prejudice, its disposition rested on similar concerns. Because we find Judge Haight and Judge Duffy did not abuse their discretion in applying the first to file rule, we affirm.

## FACTS

Plaintiff-appellant FCNB is a federally chartered national banking association which maintains its principal place of business in New York City. Defendants-appellees Simmons and Moody are residents of, respectively, Texas and Oklahoma. Appellees purchased limited partnership interests in Yates of Oklahoma, Ltd. ("Yates Ltd."), an entity organized under the laws of Oklahoma. Their partnership interests were purchased with money loaned to them by FCNB.

The financing of Yates Ltd. was undertaken in the following way. Sometime in 1986 Yates Corporation ("Yates Corp."), a South Carolina company, contacted Bill Chandler of Chandler and Associates, a South Carolina loan broker. Yates Corp. wished to form one or more limited partnerships to purchase asphalt recycling equipment. As a loan broker, Chandler was to assist in obtaining loans for investors in the limited partnerships. Chandler enlisted the aid of RMTS Associates ("RMTS"), a New York loan broker. By a letter agreement dated May 15, 1986 between RMTS and Larry A. Yates, president of Yates Corp., RMTS offered a "commitment for a loan in [the] aggregate amount of at least $400,000 for financing investor notes in one or more Asphalt Recycling limited partnerships sponsored by Yates Corporation." Recognizing that it would be unable to meet its commitment, RMTS introduced Yates Corp. to National Capital Corporation ("National"), a loan broker maintaining its offices in New York City.

Yates Corp. and National entered into a letter agreement dated December 5, 1986, in which National agreed to "arrange for loans to individuals who are investing in the [asphalt] limited partnership up to an aggregate amount of $775,000.00." The December 5 letter agreement provided that "granting of the loan [would be] subject to final approval by the lender and the execution of any additional documentation that the lender may require." National ultimately located FCNB as the lender.

In mid-December of 1986, Chandler travelled to Oklahoma to seek out investors interested in the asphalt limited partnerships. There, he was introduced to Simmons and Moody. Chandler provided them with documents pertaining to the investment loans, including, *inter alia*, an engagement and authorization letter addressed to National, a borrower's letter addressed to FCNB, a loan application form from FCNB, a promissory note, and an assignment and security agreement.

Simmons and Moody signed the engagement and authorization letter directed to National. The letter requested National's assistance in acquiring financing for their investment in Yates Ltd. In addition, the letter authorized National to undertake a credit review in order to qualify them to receive the loans. To facilitate the review, Simmons and Moody mailed financial information and income tax records to National in New York.

Appellees also executed the borrower's letter directed to FCNB. The letter stated that Simmons and Moody wished to borrow, respectively, $75,000 and $25,000 from FCNB for purposes of investing in Yates Ltd. The letter directed FCNB to "pay the proceeds of the loan directly to the Partnership." Appellees executed promissory notes in favor of FCNB, and assigned to the bank their partnership interests as security for the loans. Both the promissory notes and security agreements provided that they were to be construed "in accordance with the laws of the State of New York." The loan documents were signed in Oklahoma. Moody mailed his documents to Chandler in South Carolina for transmittal to FCNB in New York. Simmons had his documents notarized in Texas, and mailed them directly to FCNB. In due course FCNB approved the loans.

On December 30, 1986, Larry Yates opened an account at FCNB's office in New York. The account was maintained in the name of the limited partnership. Larry Yates was authorized to use the account in his capacity as general partner of Yates Ltd. FCNB paid $100,000, the proceeds of its loans to Simmons and Moody, into the account in early January of 1987. Pursuant to their promissory notes, Simmons and Moody repaid their first two loan installments. However, appellees thereafter ceased payment to the bank on grounds that under the terms of the limited partnership agreement, proceeds of the loans should not have been paid into the New York account, but into an escrow account in an Oklahoma bank. On March 25, 1988 Simmons filed a diversity suit in the United States District Court for the Western District of Oklahoma. He sought rescission of the loan agreement because of FCNB's allegedly wrongful disbursement of the proceeds. Moody filed a similar suit in the same court on April 8, 1988.

FCNB moved to dismiss the Oklahoma actions for lack of *in personam* jurisdiction. The Oklahoma court held an evidentiary hearing on the issue. In an unpublished opinion, the court determined it had jurisdiction over FCNB. *Simmons and Moody v. First City National Bank & Trust, Co.*, Civ. 88–504–T (W.D.Okla. Dec. 12, 1988). That determination is currently being appealed to the Tenth Circuit. In addition, FCNB commenced the instant diversity actions in New York, seeking recovery under its promissory notes. The suits were filed on May 4, 1988, nearly six weeks after Simmons' suit was filed, and almost four weeks after Moody filed his suit. In its complaints, FCNB alleged that Simmons and Moody

"transacted business with the [b]ank in the State of New York by employing an agent in New York, entering into a series of contracts concerning [their investments], providing the [b]ank with a security interest in a limited partnership interest [,] ... and embarking upon an ongoing relationship with the [b]ank in New York."

Simmons and Moody separately moved to dismiss the New York actions, asserting lack of personal jurisdiction and the prior filed Oklahoma claims. Relying on the parties' affidavits, the district court dismissed the claim against Simmons without prejudice "in order to allow for the orderly conduct of the prior filed action in the Western District of Oklahoma." Similarly, the court dismissed the claim against Moody in order to "defer to the Oklahoma court." While predicating its decisions on the first to file rule, the court in both cases expressed reservations as to whether personal jurisdiction could be exercised over the defendants.

## DISCUSSION

On appeal, as in the district court, FCNB devotes much of its argument to proving that personal jurisdiction over Simmons

and Moody exists in New York. FCNB, of course, bears the burden of establishing jurisdiction over defendants in these actions. *See Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 762 (2d Cir.1983); *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981). If the defendant contests the issue, the court may order an evidentiary hearing, at which plaintiff must demonstrate personal jurisdiction by a preponderance of the evidence. *See Hoffritz For Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985). Although neither district court directly addressed the question of jurisdiction, nor did they hold an evidentiary hearing, there is some force to FCNB's contention that it made the requisite *prima facie* showing here. *Cf. Welinsky v. Resort of the World D.N.V.,* 839 F.2d 928, 930 (2d Cir.1988) (where court does not hold an evidentiary hearing, *prima facie* showing of jurisdiction by plaintiff is required); *Marine Midland Bank,* 664 F.2d at 904 (same).

New York's long-arm statute states, in pertinent part,

[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent:

1. transacts any business within the state....

N.Y. CPLR § 302(a) (McKinney 1972 & Supp.1989). Plaintiff alleged that National acted as Simmons' and Moody's agent in New York by locating a New York City lender and arranging for approval of the loan. In addition, it alleged that by signing promissory notes for the loans and pledging their partnership interests as security, Simmons and Moody "embark[ed] upon an ongoing relationship with the [b]ank in New York." Accepting these allegations as true for the limited purpose of determining jurisdiction, *see Stone v. Chung Pei Chemical Indus. Co.,* 790 F.2d 20, 21 (2d Cir.1986) (per curiam), it appears defendants conducted sufficient purposeful activity in New York to have "transacted business" in the state. *See First City Federal Savings Bank v. Dennis,* 680 F.Supp. 579 (S.D.N.Y.1988); *cf. Burger King Corp. v.*

*Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (jurisdiction may exist where defendant has created continuing obligations between himself and domiciliary). It also appears there was an articulable nexus between defendants' having obtained loans from FCNB, and FCNB's claim for payment on its defaulted promissory notes. *Cf. Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 764 (2d Cir.1983) (nondomiciliary's transaction in forum must bear substantial relationship to plaintiff's cause of action) (citing *McGowan v. Smith,* 52 N.Y.2d 268, 272, 419 N.E.2d 321, 323, 437 N.Y.S.2d 643, 645 (1981)).

However, we need not decide the jurisdictional issue on this appeal. Even assuming jurisdiction was proper in New York, the parties do not dispute that jurisdiction may be proper in more than one forum. FCNB recognizes the well-settled principle in this Circuit that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second." *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.,* 804 F.2d 16, 19 (2d Cir.1986) (quoting *Fort Howard Paper Co. v. William D. Witter, Inc.,* 787 F.2d 784, 790 (2d Cir.1986)); *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1202 (2d Cir.1970); *William Gluckin & Co. v. International Playtex Corp.,* 407 F.2d 177, 178 (2d Cir.1969).

FCNB has made no showing of "special circumstances" which would warrant a departure from the first to file rule. *Cf. William Gluckin & Co.,* 407 F.2d at 178 (citing two examples of such circumstances). Plaintiff argues that jurisdiction in New York should not be declined because the controversy will not necessarily be decided in either jurisdiction. *See Airship Industries (U.K.) v. Goodyear Tire & Rubber Co.,* 643 F.Supp. 754, 760 (S.D.N.Y. 1986). In this case, however, FCNB merely speculates that it may be denied relief. In the absence of any further evidence that

the dispute cannot be fully adjudicated in Oklahoma, we do not think such speculation outweighs other legitimate concerns underlying the first to file rule.

The first to file rule embodies considerations of judicial administration and conservation of resources. *See Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952). The Oklahoma court has already determined that it has jurisdiction of all parties to this dispute. The decision to "defer to the Oklahoma court" in *Moody*, 88 Civ. 3116 (S.D.N.Y. Sept. 30, 1988) (order of dismissal), gives proper weight to the necessity of avoiding duplicative litigations, thereby conserving judicial resources. We agree with Judge Duffy that dismissal of the New York action pending a final determination by the Oklahoma court seems to be the least abrasive method of judicial administration here.

In the *Simmons* case, Judge Haight carefully evaluated the convenience to the parties in reaching his conclusion. 88 Civ. 3117 (S.D.N.Y. Nov. 4, 1988) (unpublished mem. decision). Balancing factors of convenience is essentially an equitable task. For that reason, an "ample degree of discretion" is afforded to the district courts in determining a suitable forum. *Kerotest Mfg. Co.*, 342 U.S. at 183–84, 72 S.Ct. at 221–22; *Factors Etc., Inc.*, 579 F.2d at 218–19. In the instant case, the court found that "if the balance on this point tips at all, it seems ... to tip[ ] in favor of Simmons." FCNB has not argued that it will be specially inconvenienced by defending itself in Oklahoma. We agree with the court that "[t]he balance of conveniences in this case does not overcome the presumption in favor of allowing the controversy to be adjudicated in the forum where it was first filed." We find no abuse of the court's discretion here.

## CONCLUSION

We agree with Judges Duffy and Haight that there are no facts or circumstances in this case which compel departure from the well-settled principle favoring the forum wherein a suit was first filed. According-ly, the decisions dismissing without prejudice FCNB's claims against Simmons and Moody are affirmed. We note the possibility that the outcome of the Oklahoma action may prompt plaintiff to renew its suit in New York. Should that occur, our holding would not preclude the district court from ordering an evidentiary hearing, at which defendants may more fully contest the jurisdictional issues.