**COMEDY PARTNERS, Plaintiff,**

v.

**STREET PLAYERS HOLDING CORPORATION, and David L. Siegel, Defendants.**

No. 98 CIV. 6883(JSR).

United States District Court, S.D. New York.

Jan. 26, 1999.

 

**MEMORANDUM ORDER**

RAKOFF, District Judge.

This action arises from the attempt of defendant Street Players Holding Corporation ("Street Players") to procure a license to market toys based on "South Park," a popular animated cable television series owned by plaintiff Comedy Partners. After Street Players applied for a license in January of 1998, the parties entered into negotiations that Street Players claims resulted in a contractual agreement granting such a license, but that Comedy Partners insists led to neither a contract nor a license. In any event, in June of 1998, Comedy Partners informed Street Players that it would not approve the shipment of any "South Park" products manufactured by Street Players. Street Players thereupon filed suit in the Central District of California, alleging, among other things, fraud and breach of contract. Shortly thereafter, the parties entered into settlement negotiations. When the negotiations temporarily collapsed, Comedy Partners filed this suit, asserting claims for infringement of its copyright, trademark, and trade dress.

Comedy Partners then brought a motion in the California action, seeking a transfer of venue to the Southern District of New York or, in the alternative, a stay or dismissal of the California action. On December 7, 1998, the Honorable Richard A. Paez, to whom the California action had been assigned, denied the motion. *See* Landsman Decl. Ex. 5, Transcript of Telephonic Conference Held before Judge Paez on Dec. 7, 1998 ("California Tr."), at 17–20. Street Players then moved this Court to stay or dismiss Comedy Partners' claims based on the "first-filed rule." For the following reasons, the motion to dismiss is granted.

The first-filed doctrine is centrally concerned with judicial economy, protecting the plaintiff's choice of forum, and preventing duplicative litigation. *See First City Nat'l Bank & Trust v. Simmons,* 878 F.2d 76, 79–80 (2d Cir.1989); *Ontel Products, Inc. v. Project Strategies Corp.,* 899 F.Supp. 1144, 1150 (S.D.N.Y.1995). By invoking the doctrine, a party thus seeks not only to avoid an inconvenient venue but to protect its choice of forum and avoid the considerable expense

Kim J. Landsman, New York City, for Plaintiff.

Robert Owen, New York City, Mark Kremer, Santa Monica, CA, for Defendants.

and potential for inconsistent adjudication that duplicative litigation would entail.

Under the first-filed rule, when two district courts concurrently have before them actions involving the same parties and issues, there is "a strong presumption in favor of the forum of the first-filed suit." *800–Flowers, Inc. v. Intercontinental Florist,* 860 F.Supp. 128, 131 (S.D.N.Y.1994); *see also New York v. Exxon Corp.,* 932 F.2d 1020, 1025 (2d Cir.1991). Unless this presumption can be overcome, as by a showing that the balance of convenience clearly favors the second-filed action, or by other "special circumstances," the second suit should be stayed or dismissed in favor of the first. *See 800–Flowers,* 860 F.Supp. at 132.

Here, Street Players argues that the first-filed rule applies, and that the California court already decided as much when it rejected Comedy Partners' motion to transfer venue. Comedy Partners counters that the California court never decided the issue and that this action falls squarely within recognized exceptions to the first-filed rule.

The transcript of the hearing before Judge Paez makes clear that he treated the motion to transfer (however it may have been denominated) as simply a *forum non conveniens* motion under 28 U.S.C. Section 1404(a). *See* Cal. Tr. at 17–20. Accordingly, his denial of the motion to transfer cannot be considered conclusive on the issue of whether the first-filed rule applies. Nevertheless, Street Players' motion must be granted, for this Court independently concludes that Comedy Partners has not shown any sufficient reason to depart from the first-filed rule.

So far as convenience is concerned, the Court finds, for reasons already stated from the bench at oral argument, *see* Transcript, January 13, 1999, that the balance of convenience does not notably tip in favor of either forum. Judge Paez, employing essentially the same analysis,[1] reached essentially the same conclusion. *See* Cal. Tr. at 20. Thus, the balance of convenience does not in this case justify departing from the usual rule that the first-filed action has priority, since transfer, rather than adding to the overall convenience, would merely shift some inconvenience from one party to the other. *Cf. Van Dusen v. Barrack,* 376 U.S. 612, 645–46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Darby Drug Co., Inc. v. Zlotnick,* 573 F.Supp. 661, 664 (E.D.N.Y.1983).

As for exceptional circumstances, there is little evidence to support Comedy Partners' assertion that Street Players engaged in improper anticipatory filing. On the contrary, even though Street Players threatened to sue as soon as it received word that Comedy Partners would not approve its shipment of "South Park" products, it waited until initial attempts at negotiation proved fruitless before suing. *See* Def. Mot. Ex I, Siegel Decl. ¶ 14–18. In so waiting, it ran the considerable risk that Comedy Partners would file first.[2] Thus, the record does not support the conclusion that the California action is an improper, anticipatory filing.

Moreover, although it concerns many of the same transactions and occurrences as the suit before this Court, the California suit is not an action for a declaratory judgment on Comedy Partners' claims of infringement; rather, consistent with Street Players basic position, it states claims for fraud and breach of contract. Where a plaintiff is "genuinely concerned with obtaining a benefit beyond the scope of what the other party could be expected to bring suit for," there is little reason to assume that its sole motivation for filing suit is to preempt litigation in an undesirable forum. *Ontel Products,* 899 F.Supp. at 1151; *see also Ivy–Mar Co. v. Weber-*

1. The balance of convenience analysis under Section 1404 largely mirrors the test used to determine whether the convenience exception to the first-filed rule applies. *See 800–Flowers,* 860 F.Supp. at 133.

2. Comedy Partners argues that it would not have been able to file an action at the time. Specifically, it contends that its claims of infringement had not yet ripened because Street Players had yet to ship the allegedly infringing merchandise. Even assuming that this is correct, however, nothing would have prevented Comedy Partners from seeking a routine declaratory judgment that no licensing contract existed and that Street Players therefore had no right to ship "South Park" products.

*Stephen Products Co.,* No. 93 Civ. 5973, 1993 WL 535166, *2 (S.D.N.Y. Dec.22, 1993).

 Finally, Comedy Partners purports to find support for its position in a clause in the alleged licensing agreement that states in pertinent part:

> *Consent to Jurisdiction:* Licensee hereby (i) agrees that any litigation, action or proceeding arising out of or relating to this Agreement may be instituted in any state or federal court in the City of New York, (ii) waives any objection which it might have now or hereafter to the venue of any such litigation, action or proceeding, (iii) irrevocably submits to the jurisdiction of any such court in any such action or proceeding, and (iv) waives any claim or defense of inconvenient forum.

Landsman Decl. Ex. 4, Merchandise Licensing Agreement ("Alleged Agreement") ¶ 28. But since Comedy Partners' underlying position is that it never entered into this agreement, it is in no position to rely on the forum selection clause.

Moreover, the clause, by its plain terms, is permissive, not mandatory. It does not provide that New York is the *only* forum in which claims arising out of the agreement may be heard; it merely establishes that *if* a claim is brought in New York, neither party will object on the grounds of venue, jurisdiction, or the inconvenience of the forum. *See* Alleged Agreement ¶ 28. Here, it cannot fairly be said that Street Players' motion to dismiss this action falls into one of these categories. In opting for a permissive provision rather than a mandatory one, Comedy Partners (the drafter of the clause) obviously wished to preserve for itself the right to litigate in an alternative forum. It cannot now deny that same right to Street Players.

Finally, even if the clause were mandatory and not permissive, it would not dictate the result Comedy Partners desires. As the Supreme Court has noted in the context of motions to transfer venue under Section 1404(a), a mandatory forum selection clause is a "significant factor" in the court's calculus, but one that is not necessarily dispositive. *Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 29–31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *see also Red Bull Associates v.*

*Best Western Int'l, Inc.,* 862 F.2d 963, 967 (2d Cir.1988). A district court must also consider such factors as "systemic integrity and fairness." *Stewart Org.,* 487 U.S. at 30, 108 S.Ct. 2239. Here, the interests of judicial economy and systemic integrity weigh strongly against allowing Comedy Partners to pursue its claims in this Court. Since the California court has refused to stay or dismiss the parallel breach of contract action, allowing the instant suit to go forward would both waste judicial resources and create a risk of inconsistent adjudication. The first-filed rule is centrally concerned with preventing just these problems and it must therefore be applied in this case.

For the foregoing reasons, Street Players' motion is granted and this action is hereby dismissed. Clerk to enter judgment.

SO ORDERED.