**RELIANCE INSURANCE COMPANY as Successor-in-interest by Merger with Reliance National Indemnity Company, Plaintiff,**

**v.**

**SIX STAR, INC., Great American Land, Inc., and Holler Imports of Winter Park, Inc. d/b/a Holler Honda, Defendants.**

**No. 01 Civ.2165(LTS)(FM).**

United States District Court, S.D. New York.

Aug. 10, 2001.

---

Law Offices of Charles Platto, PLC, by Charles Platto, Norwich, Vermont, for plaintiff.

Greenberg Taurig, LLP, by R. Paul Roecker, Scott D. Greenspan, New York City, Orlando, Florida, for defendants.

## OPINION

SWAIN, District Judge.

Reliance Insurance Company ("Plaintiff" or "Reliance") seeks a declaratory judgment against Six Star, Inc., Great American Land, Inc., and Holler Imports of Winter Park, Inc. (Collectively "Six Star" or "Defendants") concerning the respective obligations of Reliance and Six Star under a certain insurance policy. Defendants filed a motion to dismiss or transfer the action to the United States District Court for the Middle District of Florida, where an identical action filed by Six Star against Reliance is currently pending. For reasons set forth below, Defendants' motion is denied.

### FACTUAL BACKGROUND

Except where indicated, the following facts are uncontested. Reliance provided insurance to Six Star from September 15, 1998 to September 15, 2001. Joint Preliminary Pre–Trial Statement, at 3. The insurance policy from Reliance (the "Policy") provided coverage for claims arising from "expenses, including related legal defense expenses, incurred in connection with the

investigation, removal, disposal, treatment or neutralization of POLLUTION CONDI-TIONS on, at, under or emanating from" insured locations. Joint Preliminary Pre–Trial Statement, at 4.

The Policy contains a "Known Condi-tion(s)" exclusion, which provides that coverage does not apply to expenses:

arising from POLLUTION CONDI-TIONS existing prior to the inception of this Policy, and reported to any officer, director, partner or other employee responsible for environmental affairs of the NAMED INSURED, unless all of the material facts relating to the POLLUTION CONDITIONS were disclosed to the Company in materials prior to the inception of this Policy.

*Id.* The Policy also contains a forum selection clause, reading as follows:

JURISDICTION AND VENUE

It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company and the INSURED will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction. In the event of direct or indirect conflict between the laws of the State of New York and the laws of the State of Florida, the laws of the State of Florida would apply.

Exh. A to Complaint.

On November 5, 1999, Six Star notified Reliance of a claim for coverage under the Policy based upon the clean-up of contamination at the Florida site of an underground storage tank. Joint Preliminary Pre–Trial Statement, at 6. Reliance contends that review of the documents obtained by its third party claims administra-tor, ECS Claims Administrator, Inc. ("ECS"), showed that, before the Policy inception date, the Orange County Environmental Protection Division ("OCEPD") had required Defendants to monitor activities at the removal site. Complaint, ¶ 15. Reliance also asserts that it learned that OCEPD had asked Six Star to submit additional groundwater samples on March 25, 1997. *Id.* Reliance argues that none of this was disclosed to Reliance, and that Six Star's Property Manager had informed ECS at the time of a risk control survey performed in connection with the issuance of the Policy that the underground storage tank removal and remediation had been completed. *Id.*, ¶¶ 15–16.

On October 19, 2000, Reliance denied coverage of Six Star's claim on the basis that the underground storage tank contamination was a "Known Condition" that had not been disclosed to Reliance before the inception of the Policy. Joint Preliminary Pretrial Statement, at 6. By a letter dated January 5, 2001, Six Star renewed its claim, and ECS conducted a further investigation. *See* Exhibit D to Plaintiff's Reply Memorandum. On March 7, 2001, the parties met at the site in Florida to discuss the claim. Affidavit of R. Paul Roecker, sworn to July 11, 2001. On March 13, 2001, Six Star's counsel left a message for Reliance's attorney, indicating that Six Star would transmit its demand on March 14, 2001. *Id.* Six Star transmitted its letter with its settlement demand on March 14, 2001. *Id.* On March 14, 2001, Reliance filed the instant complaint. On March 15, 2001, Six Star filed a complaint in the Middle District of Florida seeking a declaratory judgment and also asserting claims for breach of contract and misrepresentation.[1]

1. On June 7, 2001, the parties informed the Court that the Commonwealth of Pennsylva-nia had issued an order on May 29, 2001, placing Reliance in rehabilitation. The par-

### DISCUSSION

Because cases raising identical issues have been filed in this Court and in the United States District Court for the Middle District of Florida, this Court must first consider which court has authority to determine where the issues will be adjudicated, before reaching Defendants' motion to transfer or dismiss.

### The First–Filed Rule

When two actions involving the same parties and issues are pending concurrently, courts in the Second Circuit follow the " 'first-filed' rule whereby the court which first has possession of the action decides it." *800–Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 131 (S.D.N.Y.1994); *see also Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 790 (2d Cir.1986); *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1202 (2d Cir.1970); *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969). " '[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second.' " *Adam v. Jacobs*, 950 F.2d 89, 91 (2d Cir.1991) (quoting *First City National Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989)). The first-filed rule seeks to advance judicial economy, protect a plaintiff's choice of forum and avoid duplicative litigation. *First City National Bank and Trust*, 878 F.2d at 80; *Comedy Partners v. Street Players Holding Corp.*, 34 F.Supp.2d 194, 195 (S.D.N.Y.1999). It also protects parties from the considerable expense and potential for inconsistent judg-

ments that duplicate litigation entails. *Comedy Partners*, 34 F.Supp.2d at 195–96. It is well established that the balancing of convenience "should be left to the sound discretion of the district courts." *William Gluckin*, 407 F.2d at 178.

The first-filed rule is not to be applied mechanically, but is intended to aid judicial administration by acting "as a 'presumption' that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Hanson PLC v. Metro Goldwyn–Mayer Inc.*, 932 F.Supp. 104, 106 (S.D.N.Y.1996) (citations omitted). "Generally, there is a strong presumption in favor of the forum of the first-filed suit." *800–Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. at 131. The party opposing application of the first-filed doctrine has the burden to show that special circumstances justify an exception. *Citigroup, Inc., v. City Holding Company*, 97 F.Supp.2d 549, 555–556 (S.D.N.Y.2000); *800 Flowers,*, 860 F.Supp. at 132 (citations omitted).[2]

Special circumstances justifying an exception to the rule exist where the first suit constitutes an "improper anticipatory filing" or was motivated solely by forum shopping. *Citigroup, Inc., v. City Holding Company*, 97 F.Supp.2d at 556 (citing *Toy Biz, Inc. v. Centuri Corp.*, 990 F.Supp. 328, 332 (S.D.N.Y.1998) and *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1150 (S.D.N.Y.1995)). "An improper anticipatory filing is 'one made under the apparent threat of a presumed adversary filing the mirror image of that suit' in another court." *Citigroup*, 97 F.Supp.2d at 557 (citations omitted). "[H]owever, the mere fact that an action is

ties concede that any stay in effect as a result of the foregoing order does not affect the pendency of this action.

**2.** The court in which the first-filed case was brought decides whether the first-filed rule or an exception to the first-filed rule applies. *Citigroup, Inc., v. City Holding Company*, 97 F.Supp.2d at 556 n. 4 (citations omitted).

brought as one for a declaratory judgment 'does not necessarily [mean that it] constitute[s] an anticipatory filing for purposes of an exception to the first-filed rule.'" *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F.Supp. at 1150 (citations omitted).

*Special Circumstances*

■ Defendants argue that Plaintiff's suit is an improper anticipatory filing, asserting that Plaintiff's commencement of litigation in this Court was motivated by forum shopping and the circumstances leading to the filing reflect improper conduct by Plaintiff. In support of their argument, Defendants have proffered a chronology of communications exchanged between the parties prior to the commencement of this suit. The chronology reflects communications concerning Plaintiff's denial of coverage of Six Star's claim, notification that Reliance would reconsider Six Star's claim, an on-site meeting to discuss coverage issues and Six Star's second demand for coverage. There is no suggestion in this chronology, however, that Plaintiff filed suit in response to a direct threat of litigation. *See 800–Flowers*, at 132 (no special circumstances creating an exception to the first-filed rule where there was no showing of a direct threat of litigation). Nor does the chronology reflect that Defendants indicated to Plaintiff a firm intention to commence an action and that Plaintiff raced to this Court in anticipation of such filing by Defendants. *See Chicago Insurance Co. v. Holzer*, No. 00 Civ. 1062, 2000 WL 777907, *3 (S.D.N.Y June 16, 2000) (citing *J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F.Supp. 486, 491 (S.D.N.Y.1995)) (anticipatory conduct not found because defendants did not show a firm intention to sue). Moreover, the parties had continuous conversations regarding Six Star's claim for almost five months, from October 2000,

when Plaintiff rejected Defendants' claim for the first time, to March 14, 2001. Plaintiff's commencement of a declaratory judgment action to resolve the controversy over Defendants' claim does not, in itself, constitute an improper anticipatory filing. *800–Flowers*, at 132.

■ Defendants also contend that Plaintiff's filing in this Court was motivated by forum shopping. Forum shopping justifies an exception to the first-filed rule "where a suit bears only a slight connection to the [forum]." *Toy Biz, Inc. v. Centuri Corporation*, 990 F.Supp. at 332; *see also In Matter of Arbitration Between Griffin Indus., Inc. v. Petrojam, Ltd.*, 58 F.Supp.2d 212, 218 (S.D.N.Y.1999). The Policy provides, however, that the parties "will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court jurisdiction." *See* Complaint, Exh. A. In light of the parties' prior consent to jurisdiction in the courts of New York, Defendant's argument that the suit bears only a slight connection to this forum must fail. *Cf. Farrell Lines Inc. v. Columbus Cello–Poly Corp.*, 32 F.Supp.2d 118, 125 (S.D.N.Y.1997) (whether or not the clause is enforceable, there is no basis for a claim of forum shopping where a forum selection clause provides for suit in the district chosen by a plaintiff); *Insurance Company of North America v. ABB Power Generation, Inc.*, 112 F.3d 70, 72 (2d Cir.1997) (no issue of forum shopping where forum selection clause designated New York as exclusive venue for arbitration).

*Balance of Convenience*

■ If there are no special circumstances justifying an exception to the first-filed rule, courts may still depart from the rule if the balance of convenience warrants transfer of the case to the forum where the

second suit was filed. *Citigroup*, 97 F.Supp.2d at 560. Because Defendants have not demonstrated special circumstances justifying an exception to the first-filed rule, this Court will assess the balance of convenience in order to determine whether this Court is the appropriate forum. *800–Flowers, Inc.*, 860 F.Supp. at 133.

■■■ Weighing the balance of convenience under the first-filed rule involves consideration of the same factors that apply to the determination of whether transfer is appropriate under 28 U.S.C. § 1404(a). *S–Fer International, Inc. v. Paladion Partners, Ltd.*, 906 F.Supp. 211, 216 (S.D.N.Y.1995); *800–Flowers, Inc.*, 860 F.Supp. at 133; *Ivy–Mar Co., Inc. v. Weber–Stephen Products Co.*, No. 93 Civ. 5973, 1993 WL 535166, at *2 (S.D.N.Y. Dec.22, 1993). "Generally, however, the balance of conveniences is an equitable task and an 'ample degree of discretion is afforded the district courts in determining a suitable forum.' " *800–Flowers, Inc.*, at 133, (quoting *First City National Bank and Trust Co. v. Simmons*, 878 F.2d at 80). Because the factors to be evaluated under the balance of convenience test and Defendants' motion to transfer are the same, a single analysis of the factors will, effectively, resolve both issues. *See Citigroup*, at 560 (court determined that since the factors are the same, their analysis resolves both the first-filed rule and the transfer issues). For the reasons set forth below, the balance of convenience supports application of the first-filed rule; transfer to the Middle District of Florida is not warranted.[3]

■■■ Section 1404(a) provides that a district court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Under a section 1404(a) analysis, courts determine motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). The moving party has the burden of establishing that transfer is appropriate. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978); *see also About.com, Inc. v. Aptimus, Inc.*, No. 01 Civ. 2106, 2001 WL 503251, at *2 (S.D.N.Y. May 11, 2001). First, the court must determine whether the action sought to be transferred is one that "might have been brought" in the transferee court. *Mattel, Inc. v. Robarb's, Inc.*, 139 F.Supp.2d 487, 490 (S.D.N.Y. 2001). Here, there is no dispute that the case could have been brought in the Middle District of Florida. Thus, the court turns to whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate. *Id.*

■■■ In determining whether to transfer a case, courts are guided by the following factors: (1) the convenience of witnesses, (2) the location of relevant documents and the relative ease of access to sources of proof, (3) the convenience of the parties, (4) the locus of the operative facts, (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7)

---

**3.** Defendants style their motion as one "to dismiss or transfer on the ground of forum non conveniens." The common law doctrine of forum non conveniens applies "to cases where the alternative forum to which a transfer is proposed is a foreign one." *DiRienzo v.*

*Philip Services Corp.*, 232 F.3d 49, 56 (2d Cir.2000). As set forth herein, disposition of the issues raised in this motion is appropriately determined by analysis of the balance of convenience pursuant to 28 U.S.C. § 1404(a).

a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum, and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *800–Flowers* at 133; *Ivy–Mar*, 1993 WL 535166, at *4.

"There is no rigid formula for balancing these factors and no single one of them is determinative." *Citigroup*, 97 F.Supp.2d at 561 (citations omitted). Determining the balance "is essentially an equitable task" left to the Court's discretion. *Id.*, (citations omitted). "In performing the analysis the Court must, however, give due deference to the plaintiff's choice of forum which 'should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendant's forum'" *Id.*; *Toy Biz*, 990 F.Supp. at 330; *see also Air-Flo M.G. Co., Inc. v. Louis Berkman Co.*, 933 F.Supp. 229, 233 (W.D.N.Y.1996).

*Location of Documents and Access to Sources of Proof*

This case primarily concerns interpretation of the Policy and the extent of Reliance's obligations to provide coverage to Defendants. At issue in this case is the interpretation of the terms of the Policy. *See* Defendants Memorandum Law at 1; Plaintiff's Memorandum of Law in Opposition, at 2. Reliance underwriters negotiated and drafted the Policy in Philadelphia. Plaintiff maintains that documents relating to the negotiation and interpretation of the Policy are located in Philadelphia. Defendants maintain that Defendants' pertinent documents are located in Florida. *See* Affidavit of Christine Buehler, sworn to April 4, 2001. The Florida location of Defendants' documents relevant to the issues in this litigation is balanced by the Philadel-

phia location of Plaintiff's documents. It appears that relative expense and access to documentary proof are equally balanced between the parties, given that each would be required to ship documents to either New York or Florida. Accordingly, this factor does not favor either forum and thus weighs against transfer. *See About.com*, 2001 WL 503251, at *3 ("the location of documents ... is neutral in today's era of photocopying, fax machines and Federal Express") (internal quotation marks and citations omitted); *Citigroup*, at 561.

*Convenience of the Parties*

The forum selection clause in the Policy provides that the parties will submit to the jurisdiction of New York courts for suits arising from claims disputes. In the context of a 1404(a) analysis, the Supreme Court has made clear that "[t]he presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. at 29, 108 S.Ct. 2239.[4] However, "[t]here is a clear distinction to be made between permissive forum-selection clauses and mandatory clauses." *Leasing Serv. Corp. v. Patterson Enters., Ltd.*, 633 F.Supp. 282, 284 (S.D.N.Y.1986). In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court held that "the forum clause should control absent a strong showing that it should be set aside." The Second Circuit has since determined that the extra protection that *Bremen* accords to a mandatory forum selection clause is not applicable to a permissive forum selection clause which "contemplates more than one forum." *Blanco v. Banco Indus. de Vene-*

4. The parties do not dispute the validity of the forum-selection clause. Indeed, by arguing in their reply memorandum that the forum selection clause is a permissive instead of a mandatory forum selection clause, Defendants appear to concede its validity even though they dispute Plaintiff's interpretation of it.

zuela, S.A., 997 F.2d 974, 979 (2d Cir. 1993).

■ "[A]n agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion." *John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors, Inc.*, 22 F.3d 51, 53 (2d Cir.1994) (holding a forum-selection clause to be permissive which stated that "[a]ny dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts"); *cf. AGR Financial, L.L.C. v. Ready Staffing, Inc.*, 99 F.Supp.2d 399 (S.D.N.Y.2000) (mandatory forum-selection clause found where the clause stated that if one party elects to bring an action in New York State Courts or in Federal Court, "such jurisdiction shall be exclusive").

■ The instant forum-selection clause provides that the parties "will submit to the jurisdiction of the State of New York and will comply with all the requirements necessary to give such court [sic] jurisdiction." Complaint, Exh. A. This forum selection clause is not mandatory, but permissive, because the requirement of a clear indication of exclusivity has not been met. *See e.g., Talatala v. Nippon Yusen Kaisha Corp.*, 974 F.Supp. 1321, 1325 (D.Hawai'i 1997) (citing *Boutari* and finding that a permissive forum-selection clause exists absent mandatory language depriving other locales of jurisdiction). The Court therefore proceeds by weighing this forum's convenience to the parties.

■ Because the parties agreed that New York courts would have jurisdiction of disputes arising from the denial of claims under the Policy, Defendants have no basis for challenging this forum on the basis that it is inconvenient to the parties. "[A]lthough a permissive forum selection clause is entitled to less weight than a mandatory one, the fact that both parties initially accepted the jurisdiction of the courts of New York must count. A forum selection clause is determinative of the convenience of the parties." *Orix Credit Alliance, Inc. v. Mid–South Materials Corporation*, 816 F.Supp. at 234 (citations omitted). Accordingly, this factor weighs in favor of a New York forum.

*Convenience of Witnesses*

■ Defendants assert that none of the probable witnesses in this case are in New York and that Defendants' witnesses reside in Florida. Plaintiff contends that New York is a convenient forum because Plaintiff's witnesses are located nearby in Philadelphia. The Court finds that availability of witnesses who could testify as the validity of documents, the existence of the pollution condition and the terms of the Policy is equally divided between the parties. It is well settled that such a "balanced inconvenience alone [does] not justify a § 1404(a) transfer" *Orix Credit Alliance*, 816 F.Supp. at 235 (citations and internal quotation marks omitted).

■ Defendants further argue that employees of Orange County in Florida are critical witnesses who cannot be compelled to testify in New York. "However, the unavailability of process over third-party witnesses does not compel transfer when the practical alternative of offering videotaped or deposition testimony of a given witness exists." *Citigroup*, 97 F.Supp.2d at 561 (citations omitted); *Orix Credit Alliance*, 816 F.Supp. at 235. In addition, a party claiming transfer based on the availability of witnesses must provide the Court with a specific list of probable witnesses who will be inconvenienced by the current forum and a general statement concerning the witnesses' testimony. *About.com*, 2001 WL 503251, at *2 (citing

*Nabisco, Inc. v. Branch's Confections, Inc.*, No. 00 Civ. 5875, 2000 WL 1677935, at *2 (S.D.N.Y. Nov.8, 2000); *Student Advantage, Inc. v. Int'l Student Exchange Cards, Inc.*, No. 00 Civ.1971, 2000 WL 1290585, at *6 (S.D.N.Y. Sept.13, 2000)). Defendants have submitted a list of probable witnesses compiled by *Plaintiff*, but have not indicated witnesses whom *Defendants* intends to call on to testify at trial, what their testimony will be, and how they would be inconvenienced by a trial in New York.

Accordingly, the Court finds that Defendants have not overcome the presumption in favor of this forum with respect to the convenience of the parties and witnesses.

*Locus of Operative Facts*

 Defendants contend that Florida is the appropriate forum because the dispute over the insurance claim arose from events which occurred in Florida. *See* Defendants' Memorandum of Law at 11. The fact that the insured property is located in Florida, however, is not decisive. *See e.g., S–Fer International, Inc. v. Paladion Partners, Ltd.*, 906 F.Supp. at 215 (rejecting argument that the location of the disputed property is, in itself, dispositive for the determination of venue because inspection of the property can be achieved by photographs or videotapes). Defendants also assert, as indicated herein, that testimony of Florida government employees is important to their case. Defendants have not, however, explained the extent to which the Florida government's investigation of the pollution condition is relevant to the rights and obligations of the parties under the Policy. In this respect, Defendants have not met their burden of demonstrating that transfer is appropriate in respect of this factor. Moreover, as indicated above, depositions or videotaped testimony of Florida government witnesses may be used in this action and any documentary evidence relating to the Florida government's investigation of the pollution condition may readily be shipped to this forum.

Plaintiff contends that the issue in this case concerns the extent of Six Star's knowledge of the pollution condition and, among other things, the timing of Six Star's knowledge of the pollution condition. *See* Joint Preliminary Pre–Trial Statement, at 8–9. There is no dispute concerning the existence of the pollution condition or Defendants' claim for insurance coverage for clean-up costs. Thus, the focus of the dispute is the interpretation of the Policy, not the specifics of the pollution condition. *See S–Fer International, Inc.*, 906 F.Supp. at 215. Accordingly, the Court finds that Defendants have not met their burden of demonstrating that the operative facts of the litigation warrant transfer to Florida.

*Relative Means of the Parties*

 Both parties are large business entities. It appears that the financial burden of litigating this case in either Florida or New York is balanced equally between the parties. Thus, this factor does not weigh in favor of transfer to Florida.

*Forum's Familiarity with Governing Law*

 The Policy provides that it is subject to New York law except in the case of a conflict with Florida law, in which case Florida law applies. Defendants solely assert, "upon information and belief," that Florida law controls the outcome of the dispute. *See* Defendants' Memorandum of Law at 15. Defendants have not provided any evidence or legal analysis to support their claim that Florida law controls. In light of the Policy's provision that New York law generally governs the interpretation of the Policy, the Court finds that this factor does not weigh in favor of a Florida forum. In any event, this Court is no

stranger to the investigation and application of the law of other states. *S–Fer International,* 906 F.Supp. at 216 (court determined that if California law applied, a New York court would be "capable of applying it").

*Trial Efficiency and the Interests of Justice*

■ Finally, in considering trial efficiency, the Court notes that Defendants could have filed counterclaims for breach of contract and misrepresentation in the instant action. Trial efficiency and the interests of justice do not favor transfer under these circumstances. *See Clarendon National Insurance Co. v. Pascual,* No. 99 Civ. 10840, 2000 WL 270862, at *7 (S.D.N.Y. March 13, 2000) (interests of justice did not favor transfer to court where defendant had filed parallel action since such filing "seems tactical; if [defendant] really were concerned with judicial efficiency, he would have brought that claim as a counterclaim in this Court, rather than start a new case in [the other] court").

■ In light of the above factors, and considering that the burden is on Defendants to justify transfer, the Court concludes that the balance of convenience does not substantially favor a Florida forum. Accordingly, Plaintiff's choice of this forum will not be disturbed. For the same reasons, the balance of convenience does not justify departure from the first-filed rule. *See Scholastic Inc. v. Stouffer,* 99 Civ. 11480, 2000 WL 1154252 (S.D.N.Y. Aug.14, 2000) (motion to transfer first-filed case denied where parties, witnesses and facts were divided between the fora and the moving party failed to demonstrate special circumstances); *In re Arbitration between Griffin Industries, Inc. and Petrojam, Ltd.,* 58 F.Supp.2d 212, 218 (S.D.N.Y.1999) (transfer denied where nei-

ther New York nor Florida had connection with the underlying agreements and neither party had strong ties to the Southern District of New York and where the two fora are equally convenient because movant did not meet burden of demonstrating that the balance of convenience favored Florida).

### CONCLUSION

For the foregoing reasons, Defendants' motion is denied. A pre-trial conference shall be held in the above-captioned matter on **September 21, 2001 at 2:45 p.m.** Courtroom No. 444, 40 Foley Square, New York, New York 10007.

SO ORDERED.