**EMPLOYERS INSURANCE OF WAUSAU and National Casualty Company, Plaintiffs,**

**v.**

**NEWS CORPORATION, Fox Entertainment Group, Inc., Twentieth Century Fox Film Corporation, Twentieth Century Fox International Television, Inc., New World Television Productions, Inc., and New World Entertainment, Ltd., Defendants.**

**No. 06 CIV. 1602(MBM).**

United States District Court,
S.D. New York.

July 27, 2006.

David B. Smallman, Maura J. Wogan, Elizabeth H. Miller, Frankfurt Kurnit Klein & Selz, P.C., New York, NY, for plaintiffs.

Randy Paar, Andrew N. Bourne, Dickstein Shapiro Morin & Oshinsky LLP, New York, NY, for defendants.

MUKASEY, District Judge.

Plaintiffs [1] in this action are insurers who seek a judgment declaring that they have no obligations under a series of "Media Special Perils" policies to provide coverage to defendants [2] in connection with a copyright-infringement lawsuit in the Central District of California ("the Underlying Action") and related claims. Defendants move to dismiss or stay plaintiffs' declaratory judgment action in favor of a related pending action in the Central District of California ("the California Action"). Alternatively, defendants move to transfer plaintiffs' action to the Central District of California. Because, as explained below, it appears that the action was filed so as to win a race to the courthouse door that defendants did not even know had begun, in order, *inter alia,* to secure the protection of New York law, defendants' motion is granted and this case is dismissed without prejudice.

## I.

### A. The Policies

Plaintiffs list five consecutive Media Special Perils policies at issue in this litiga-

tion. (Am.Compl. ¶ 1) The policies provide coverage for, among other things, damages and expenses that an insured "becomes legally obligated to pay because of liability imposed by law or assumed under contract as a result of one or more claims arising out of ... infringement of copyright." (Caron Decl.[3] Ex. E)

Wausau, described by plaintiffs as "a Mutual Holding Company with its home office and principal place of business" in Wisconsin (Am.Compl. ¶ 12),[4] issued the first two of those policies—LSW 001210 and LSW 003741—which covered the period October 29, 1992, through February 28, 1995 (Kender Decl.[5] Exs. A–B.). Named insureds under LSW 003741 included SCI Television, Inc., Andrews Group, Inc. ("Andrews"), and all of their subsidiaries, divisions, and affiliated companies "in a line of corporate progression now existing or hereafter created of acquired." (Endorsement 1 Revised to Caron Decl. Ex. B) Mafco Holdings, Inc. ("Mafco"), as well as "its predecessors and any and all of its subsidiaries, divisions, associated and/or affiliated companies," was listed as an additional named insured. *(Id.)*

National Casualty, a Wisconsin corporation with its principal place of business in Arizona (Am.Compl. ¶ 11), issued three fur-

---

1. Plaintiffs are Employers Insurance of Wausau ("Wausau") and National Casualty Company ("National Casualty").

2. Defendants are News Corporation ("News Corp."), Fox Entertainment Group, Inc. ("Fox Entertainment"), Twentieth Century Fox Film Corporation ("Fox Film"), Twentieth Century Fox International Television, Inc. ("Fox International TV"), New World Television Productions, Inc. ("New World TV"), and New World Entertainment, Ltd. ("New World Entertainment").

3. "Caron Decl." refers to the Declaration of Emily Caron, dated April 20, 2006, and submitted to this court in opposition to defen-

dants' original motion to dismiss, stay, or transfer, which was briefed before plaintiffs' amended their complaint.

4. Defendants describe Wausau simply as a Wisconsin corporation with a principal place of business in Wisconsin. (Def.Mem.3–4). Whatever meaning there may be in plaintiffs' and defendants' differing characterizations of Wausau is irrelevant to the present motion.

5. "Kender Decl." refers to the Declaration of Randall F. Kender, dated March 28, 2006, and submitted to this court in support of defendants' original motion to dismiss, stay, or transfer.

ther policies—LS 002108, LS 004947, and LS 005451—which covered the period February 25, 1995, through July 1, 1997, although plaintiffs claim that the final policy was cancelled effective May 2, 1997. (Kender Decl. Exs. C–E; Caron Decl. ¶ 8) Named insureds under LS 002108, LS 004947, and LS 005451 included Andrews and Mafco, as well as their predecessors, successors, subsidiaries, divisions, and affiliated companies. (Endorsement 1 to Caron Decl. Ex. C; Endorsement 2 to Caron Decl. Ex. E; Endorsement 2 to Caron Decl. Ex. G)

### B. Defendants' Relationship to the Policies

New World TV, a California corporation, and New World Entertainment, a Delaware corporation, each with its principal place of business in California (collectively, "the New World Entities"), were listed as additional named insureds in LSW 003741. (Endorsement 7 to Caron Decl. Ex. B) Additionally, plaintiffs explain that, "at the time the policies were issued, Mafco Holdings was the ultimate parent of the New World Entities"; Mafco was the corporate parent of another company called MacAndrews, "which in turn was the corporate parent of Andrews Group, which was the parent of New World Communications Group, Inc., which then held the New World Entities as subsidiaries." (Pl. Opp'n Mem. 8) Therefore, according to the defendants, the New World Entities are entitled to coverage under the policies because the New World Entities were subsidiaries of named insureds Mafco and Andrews when the policies were issued. (Kender Decl. ¶ 8)

Under a merger agreement and stock purchase agreement effective on or about January 22, 1997, Fox Acquisition Co., Inc, merged with New World Communications Group, Inc., purchasing from NWCG (Parent) Holdings, Inc., 100 % of New World Communications Group's stock, which included all stock in its wholly-owned subsidiaries the New World Entities. *(See* Am. Compl. ¶ 25; Kender Decl. ¶ 10; Smallman Decl.[6] Exs. H–I) Fox Entertainment, a Delaware Corporation with its principal executive offices in New York, listed the New World Entities, Fox Film, and Fox International TV as principal subsidiaries in its Form 10–K filed with the Securities and Exchange Commission for the fiscal year ending June 30, 2004. (Smallman Decl. Ex. G) Fox Film is a Delaware corporation; Fox International TV is a New York corporation. Both have their principal places of business in California and offices in New York. (Am.Compl.¶¶ 15–16) News Corp. is "understood by [p]laintiffs to be the current ultimate parent" of all other defendants. (Pl. Opp'n Mem. 8 n. 5) Plaintiffs allege that News Corp., Fox Entertainment, Fox Film, and Fox International TV are seeking recovery under the policies as corporate affiliates of the New World Entities. *(Id.* at 4)

### C. Copyright Infringement Claims and the Underlying Action

In a letter dated November 12, 2003, an attorney for a composer named Aeone Watson notified counsel for Fox Film, Fox International TV, and New World TV of claims for copyright infringement arising out of the unlicensed use of Watson's musical compositions in the television program *Santa Barbara.* (Caron Decl. Ex. K) On July 6, 2004, a class action against Fox Film, Fox International TV, and the New World Entities was filed in the United

---

**6.** "Smallman Decl." refers to the Declaration of David B. Smallman, dated April 21, 2006, and submitted to this court in opposition to defendants' original motion to dismiss, stay, or transfer.

States District Court for the Central District of California ("the Underlying Action"). *(Id.)* The Underlying Action, captioned *East et al. v. Twentieth Century Fox Film* Corporation et al., was brought on behalf of all owners of copyrighted musical compositions and sound recordings embodied in one or more episodes of *Santa Barbara* without the owners' permission. *(Id.)* On September 20, 2004, the defendants in the Underlying Action filed an answer (Caron Decl. Ex. I); and, on December 8, 2004, the Court approved a schedule for class discovery and the briefing of a class certification motion (Caron Decl. ¶ 15). On March 9, 2005, counsel for Capitol Records, Inc. d/b/a EMI Music North America, EMI Music Publishing, SONY BMG Music Entertainment, Sony/ATV Music Publishing LLC, Universal Music Group, and Warner Music Group, and all of their global affiliated record labels and music publishing companies ("the Music Companies"), informed Randall Kender, of Fox Legal Group, that conflicts prevented class counsel in the Underlying Action from representing the Music Companies. The letter alleged that they were entitled to over $75 million in damages for willful copyright infringement. (Caron Decl. Ex. K) [7]

### D. The Present Action, Denial of Coverage, and the California Action

On or about May 25, 2005, Suzanne Hill, claims manager for Fox Entertainment, faxed copies of three letters to Media/Professional Insurance, claims manager for Wausau and National Casualty, located in Kansas City, Kansas. (Caron Decl. Ex. J) The letters were dated May 17, 2005, and were printed on Fox Entertainment letterhead with a return address in Beverly Hills, California. *(Id.)* One letter informed Media/Professional about the Underlying Action; one about the Watson letter; and one about the Music Companies letter. On or about May 31, 2005, Media/Professional received those same letters by mail; attached to the letters were copies of the complaint in the Underlying Action, the Watson letter, and the Music Companies letter. (Caron Decl. Ex. K)

In late 2005, Emily Caron, claims counsel for Media/Professional, asked Randall Kender to explain further Fox Entertainment's relationship with the New World Entities. (Caron Decl. Ex. L) In a letter dated February 10, 2006, Kender sent Caron a copy of, among other things, the agreement and plan of merger pursuant to which Fox Acquisition Co. merged with New World Communications Group. (Caron Decl. Ex. M)

On February 28, 2006, Wausau and National Casualty filed a complaint in this court against Fox Entertainment, Fox Film, and Fox International TV. The New World Entities were not named as defendants. Plaintiffs alleged that they were not obligated to provide coverage in connection with the Underlying Action and related claims because defendants had breached provisions of the policies requiring prompt notice and cooperation with respect to any covered suit or claim. (Compl.¶¶ 47–59) Plaintiffs alleged also that defendants had failed to meet other conditions of the policies, including approval by the insurer before an insured could assign its rights under a policy to a third party *(id.* ¶¶ 60–62); that certain exclusions in the policies were applicable to the damages and expenses arising from the

---

7. Plaintiffs allege also that defendants had earlier notice of two related claims pre-dating the Watson letter, one from November 1989 and one from December 2002, but that defendants have never notified plaintiffs of these claims. (Caron Decl. ¶ 16 n. 2; Pl. Opp'n Mem. 6 n. 4)

Underlying Action and related claims *(id.* ¶¶ 63–66); and that the policies were subject to rescission because of misrepresentations made during the application process *(id.* ¶¶ 69–73).

On March 2, 2006, plaintiffs responded to a request for a coverage determination made by defendants the previous day. (Kender Decl. Ex. H 2) Plaintiffs denied coverage, citing the same reasons enumerated in their complaint *(id.* at 3–7), and informed defendants of the action they filed here *(id.* at 8).

On March 24, 2006, Fox Film, Fox International TV, and the New World Entities filed a complaint against Wausau and National Casualty in the Superior Court of the State of California, seeking damages for breach of contract and tortious breach of the implied duty of good faith and fair dealing, and a declaration that Wausau and National Casualty were obligated to provide coverage in the event of judgment or settlement in the Underlying Action. (Kender Decl. Ex. I) That action ("the California Action") was removed to the Central District of California on April 21, 2006. (Smallman Decl. ¶ 5)

On May 30, 2006, Wausau and National Casualty filed an amended complaint in the declaratory judgment action in this court. (Wogan Decl. Ex. 1) The amended complaint adds the New World Entities and News Corp. as defendants, but does not otherwise change the claims made or relief sought in the original complaint.

Defendants move now to dismiss or stay this action to allow the California Action to proceed. Alternatively, they seek transfer of this action to the Central District of California under 28 U.S.C. § 1404(a).

## II.

This court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.[8]

▮▮▮ Where "essentially the same lawsuit involving the same parties and the same issues" is pending in two different federal courts, the "first-filed rule" creates a presumption that the case filed earliest will take priority. *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir. 1978); *see Citigroup Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 555 (S.D.N.Y.2000). The later-filed case will take priority only if there is a "showing of balance of convenience" or "special circumstances" that justify departing from the first-filed rule. *Adam v. Jacobs,* 950 F.2d 89, 91 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir.1989). "The determination as to whether there are circumstances warranting a departure from the first-filed rule is committed to the sound discretion of the district court," *Citigroup,* 97 F.Supp.2d at 556, as is "[t]he decision whether or not to stay or dismiss a proceeding" that is duplicative, *Adam,*

8. Defendants argue that plaintiffs have not alleged a "case or controversy" against Fox Entertainment and News Corp. as required by the U.S. Constitution, art. 3, § 2, because neither "has been sued in the Underlying ... Action, and neither has sought coverage under the ... policies (Def.Mem.22–23)". Defendants cite *National Union Fire Insurance Co. of Pittsburgh v. BP Amoco P.L.C.,* 319 F.Supp.2d 352, 371–72 (S.D.N.Y.2004), for the proposition that where "defendants agreed that the policy did not insure them, there was no case or controversy that existed for the district court to adjudicate." (Def.Mem.23) It appears that defendants are conceding, albeit obliquely, that Fox Entertainment and News Corp. are not insured under the Media Special Perils policies for purposes of the Underlying Action and related claims as they presently exist. Thus, this court has no constitutional authority to adjudicate the claims against Fox Entertainment and News Corp. in the amended complaint at this time. Further references to "defendants" do not treat the legal rights and obligations of Fox Entertainment and News Corp.

950 F.2d at 92; *accord Schnabel v. Ramsey Quantitative Sys., Inc.,* 322 F.Supp.2d 505, 510 (S.D.N.Y.2004).

 Courts have found special circumstances sufficient to depart from the first-filed rule "where the first suit constitutes 'an improper anticipatory filing' or was motivated solely by forum shopping." *Reliance Ins. Co. v. Six Star, Inc.,* 155 F.Supp.2d 49, 54 (S.D.N.Y.2001) *(quoting Citigroup,* 97 F.Supp.2d at 556). "Most commonly, courts have recognized an exception to the first-filed rule where the first-filed action was instituted by the defendant in the second action, and the defendant won the race to the courthouse under questionable circumstances." *Kellen Co. v. Calphalon Corp.,* 54 F.Supp.2d 218, 223 (S.D.N.Y.1999). "The party opposing application of the first-filed doctrine has the burden to show that special circumstances justify an exception." *Reliance,* 155 F.Supp.2d at 54.

## III.

 These defendants have shown special circumstances that warrant dismissal of this first-filed action in favor of the California Action.[9] First, plaintiffs filed suit in this court before denying coverage to defendants. Second, plaintiffs selectively excluded the New World Entities—the most logical parties against which to bring a coverage action—from the original complaint. Taken together,

these two facts prove convincingly that plaintiffs brought their declaratory judgment action in order to win a race to the courthouse and preempt defendants' choice of forum in a coercive suit. The obvious advantage to plaintiffs' winning such a race is the hope to obtain the protection of the law of the forum, New York, which allows an insurer to avoid coverage for late notice without showing prejudice. (Pl. Opp'n Mem. 1, 32–34) Defendants argue that California law applies, which requires a showing of prejudice. (Def. Mem. 19–21; Pl. Opp'n Mem. 33 n. 12)

In *Continental Insurance Companies v. Wickes Companies,* No. 90 Civ. 8215(KMW), 1991 WL 183771 (S.D.N.Y. Sept.6, 1991), the Court found special circumstances warranting departure from the first-filed rule where an insurance company filed a declaratory judgment action before notifying the insured of its decision to deny coverage. *Id.* at *6. As in the current case, "[f]orum shopping loom[ed] large behind the arguments advanced by both parties ... prompted, no doubt, by a view that California law treats insureds more favorably than does New York law," and by the hope that a judge sitting in a particular forum is more likely to apply forum law. *Id.* at *5. The Court explained that "[i]n an ordinary case, the suggestion of forum shopping by both sides would cancel out and lead the court to follow the first-filed rule," but that, "proceeding from the premise that the decision to hear de-

9. Defendants argue that plaintiff's amended complaint does not relate back to the original complaint under Fed.R.Civ.P. 15(c) because plaintiffs intentionally did not sue the New World Entities, and thus the California Action is the first-filed action. (Def.Mem.10–11) Defendants' argument is incomplete and ultimately irrelevant. A timely claim against a defendant in an original complaint does not become untimely simply because claims against additional defendants are added in an amended complaint, do not relate back, and

are untimely. Likewise, the action in this court would not cease to be first-filed as to the original defendants even if the claims against the New World Entities in the amended complaint did not relate back. Cf. *Abovepeer, Inc. v. Recording Indus. Ass'n of Am., Inc.,* 166 F.Supp.2d 655, 661 (N.D.N.Y.2001) (finding that *particular parties* had first-filed actions in another forum, where *those parties* were intentionally not included as defendants in an earlier complaint).

claratory judgment actions is discretionary, courts have treated declaratory judgment actions differently." *Id.* Noting that "numerous courts have held that the filing of an anticipatory declaratory judgment" justifies deviation from the first-filed rule, *id.* at *5, the *Wickes* Court reasoned that, by deciding to sue before alerting the insured to its determination of coverage, the insurance company "chose to launch a preemptive strike and ensure that any suit over [the insured's] claims would be tried in New York rather than California," *id.* at *6. That the insured took two months to respond with a coercive suit suggested only that the insurance company had "truly caught [the insured] off guard by filing [the declaratory judgment] action, 'winning a race to the courthouse which it had completed before its adversary heard the starting gun.'" *Id.* at *5 *(quoting Companion Life Ins. Co. v. Matthews,* 547 F.Supp. 836, 841 (S.D.N.Y.1982)).

▮ As in *Wickes,* plaintiffs in this case filed their declaratory judgment action before informing defendants that coverage had been denied—the action having been filed on February 28, 2006, and coverage having been denied on March 2, 2006. (Kender Decl. Ex. H 2–8) Plaintiff's do not even discuss *Wickes* in their papers opposing defendants' motion. Rather, plaintiffs emphasize that some courts have refused to find that a declaratory judgment action was improperly anticipatory where the action was filed in response to a communication that did not contain an "explicit mention of a lawsuit, forum, deadline or filing date." *See, e.g., Schnabel,* 322 F.Supp.2d at 513. Yet explicit notice of suit may be sufficient to create an exception to the first-filed rule, but it is by no means necessary. As the *Wickes* Court pointed out, "[a]lthough [the insurance company's] conduct in filing its suit in this district in anticipation of a possible suit by [the in-

sured] may not be as egregious as the conduct condemned by other courts in other similar cases, it is no less obvious." *Wickes,* 1991 WL 183771, at *6; *see also Gotham Ins. Co. v. Plant Maintenance Serv. Co.,* No. 94 Civ. 1461(WK), 1994 WL 714302, at *3 (S.D.N.Y. Dec.22, 1994) (dismissing a declaratory judgment action as anticipatory where an insurance company filed suit less than two months after denying an insured's claim).

Even more strongly than in *Wickes,* the facts before this court suggest that the insurers won the race to the courthouse door by starting before their adversaries had reason to know there was a race. In *Wickes,* the insured made its request for coverage more than a month before the insurer filed suit. *See Wickes,* 1991 WL 183771, at *6. The insurer in that case also sent a letter to the insured denying coverage the day before filing its declaratory judgment action, even though the letter did not arrive until later. *Id.* Here, Media/Professional and Fox Entertainment were engaged in discussions regarding the Underlying Action and related claims since May 2005, but defendants did not request a coverage determination until March 1, 2006. (Kender Decl. Ex. H 2) Even though plaintiffs filed their action on February 28, 2006, they did nothing to alert defendants of the denial of coverage until after receiving the March 1 request. *(Id.* at 8) The insurer in *Wickes* could have taken a lesson in catching an insured off guard from plaintiffs in this case. It is of no import that under New York law, assuming only for the moment that it applies, an insurance company may disclaim coverage by filing a declaratory judgment action. *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 775 F.Supp. 101, 110 (S.D.N.Y.1991). "While there is no rule that requires [an insurance company] to discuss its intent to sue [an insured] before actually doing so, neither should [the com-

pany] be able to reap a benefit from this decision." *Wickes,* 1991 WL 183771, at *6.

If plaintiffs' pre-denial filing of this declaratory judgment action leaves any question as to whether this court should dismiss the action to "avoid 'sanctioning procedural gamesmanship' at the expense of the interests of justice," *id.* at *5 (*quoting Hartford Accident & Indem. Co. v. Hop–On Int'l Corp.,* 568 F.Supp. 1569, 1573 (S.D.N.Y.1983)), plaintiffs' failure to include the New World Entities in their original complaint provides yet further evidence that this action is a preemptive strike designed to manipulate questions of forum and law. Plaintiffs claim that they became aware that the New World Entities were seeking coverage under the Media Special Perils policies only after receiving a copy of the complaint in the California Action. (Pl. Opp'n Mem. 7) The implication is that, because the three letters notifying Media/Professional of the Underlying Action and related claims in May 2005 (Caron Decl. Ex. J) were sent on Fox Entertainment letterhead and did not specifically mention that the New World Entities were seeking coverage, plaintiffs had no reason to know that the New World Entities were part of the coverage dispute forming the basis of the declaratory judgment action. Several facts cast doubt on plaintiffs' claim.

To read the May 2005 letters and subsequent correspondence as concerning only coverage for Fox Entertainment and not for the defendants in the Underlying Action is simply obtuse. The New World Entities were listed as additional named insureds in LSW 003741 (Endorsement 7 to Caron Decl. Ex. B) and were named as defendants in the Underlying Action (Caron Decl. Ex. K). The May 2005 letter that informed Media/Professional of the Music Companies letter specifically stated that "*Santa Barbara* was previously produced

by New World Television Productions, and the international distribution rights to this series were acquired by Fox as part of its New World acquisition." (Caron Decl. Ex. K) Media/Professional then sought and was provided with further information regarding the merger and acquisition. (Caron Decl. Ex. L–M)

■ One additional fact puts the lie definitively to plaintiffs' protestations of confusion or ignorance. In the original complaint, plaintiffs did not sue only Fox Entertainment. They also sued Fox Film and Fox International TV, neither of which appeared on the stationery of the May 2005 letters or made an explicit request for coverage in those letters. On Fox Entertainment's 2004 Form 10–K, Fox Film, Fox International TV, and the New World Entities are all listed as having the same relationship to Fox Entertainment. (Smallman Decl. Ex. G) Plaintiffs provide no rational explanation for suing Fox Film and Fox International TV, but not the New World Entities. I draw from the original complaint's timing and design the same conclusion that defendants have: plaintiffs filed suit when they did to preempt a potential coercive suit by defendants, including and excluding particular defendants so as to emphasize connections with New York and hide connections with California. "Dismissal of such an improper action is appropriate where a party attempts 'to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action.'" *Chi. Ins. Co. v. Holzer,* No. 00 Civ. 1062(SAS), 2000 WL 777907, at *4 (S.D.N.Y. June 16, 2000) (*quoting Great Am. Ins. Co. v. Houston Gen. Ins. Co.,* 735 F.Supp. 581, 586 (S.D.N.Y.1990)).

Because special circumstances make dismissal in favor of the California Action appropriate, I do not consider whether a balance of conveniences would support tri-

al in this forum or the Central District of California under 28 U.S.C. § 1404(a). Such a determination lies within the providence of the Court in the California Action. I dismiss without prejudice so as to avoid any unfairness that might arise from the simultaneous disposition of motions to dismiss, stay, or transfer here and in California.

\* \* \*

For the reasons stated above, plaintiff's amended complaint is dismissed without prejudice in order to allow the California Action to proceed.

SO ORDERED: