**06-4652-cv**
**Employers Insurance of Wausau v. Fox Entertainment Group, Inc.**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Argued: March 7, 2008                    Decided: March 27, 2008)

Docket No. 06-4652-cv

_____

EMPLOYERS INSURANCE OF WAUSAU and NATIONAL CASUALTY COMPANY,

*Plaintiffs-Appellants*,

−v.−

FOX ENTERTAINMENT GROUP, INC., TWENTIETH CENTURY FOX FILM CORPORATION, TWENTIETH CENTURY FOX INTERNATIONAL TELEVISION, NEW WORLD ENTERTAINMENT, LTD., NEW WORLD TELEVISION PRODUCTIONS, INC. and NEWS CORPORATION,

*Defendants-Appellees*.

_____

Before:

MCLAUGHLIN and WESLEY, *Circuit Judges*, and COGAN, *District Judge*.[*]

    Appeal from a final judgment of the United States District Court for the Southern District of New York (Mukasey, *C.J.*) dismissing Plaintiffs' declaratory judgment action under the "special circumstances" exception to the first-filed rule, and finding that no case or controversy existed between Plaintiffs and Defendants News. Corp. and Fox Entertainment Group, Inc. We reverse and remand, holding that, without manipulative or deceptive conduct, special circumstances do not exist in the absence of a direct threat of litigation in a forum with more than a de minimis connection to the litigation.

_____

[*] The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

DAVID B. SMALLMAN, Wollmuth Maher & Deutsch LLP, New York, NY *for Appellants*,

ANDREW N. BOURNE, Dickstein, Shapiro, Morin & Oshinsky, LLP, New York, NY (Randy Paar, Kirk A. Pasich, of counsel, *on the brief*), *for Appellees*,

LAURA A. FOGGAN, Wiley Rein LLP, Washington, DC *for Amicus Curiae* Complex Insurance Claims Litigation Association *in Support of Appellants*.

WESLEY, *Circuit Judge*:

This appeal requires us to decide whether the "special circumstances" exception to the first-filed rule applies to a declaratory judgment action filed in the absence of a direct threat of litigation in a forum with at least some ties to the litigation. We hold that it does not, and reverse the judgment of the United States District Court for the Southern District of New York (Mukasey, *C.J.*) and remand for a determination of whether the balance of conveniences favor giving priority to the second-filed action.

## BACKGROUND

Employers Insurance of Wausau, a company with its principal place of business in Wisconsin, and National Casualty Company, a Wisconsin corporation with its principal place of business in Arizona (collectively, the "Insurers") issued five "Media Special Perils" policies (the "Policies") to SCI Television, Inc., Andrews Group, Inc. ("Andrews"), and all of their subsidiaries, divisions, and affiliated companies "in a line of corporate progression now existing or hereafter created." Mafco Holdings, Inc. ("Mafco"), as well as "its predecessors and any and all of its subsidiaries, divisions, associated and/or affiliated companies," were listed as an additional named insured.

New World Television Productions, Inc., a California corporation, and New World Entertainment, Ltd., a Delaware corporation, with their principal places of business in California (collectively, the "New World Entities"), were listed as additional named insureds on one of the Policies. At the time the Policies were issued, Mafco was the ultimate parent of the New World Entities.[1] According to Appellees, the New World Entities are entitled to coverage under the Policies because they were subsidiaries of named insureds Mafco and Andrews.

In January 1997, Fox Acquisition Co., Inc, merged with New World Communications Group, Inc., purchasing all of its stock, including all stock in the New World Entities. Following the merger, Fox Entertainment Group, Inc. ("Fox Entertainment"), a Delaware Corporation with its principal place of business in New York, listed the New World Entities, Twentieth Century Fox Film Corp. ("Fox Film"), and Twentieth Century Fox International Television ("Fox Television") as its subsidiaries. Fox Film is a Delaware corporation; Fox Television is a New York corporation, and both have their principal places of business in California with secondary offices in New York. News Corp., a Delaware corporation with its principal place of business in New York, is the ultimate parent corporation of these defendants.

On November 12, 2003, an attorney for musical composer Aeone Watson notified counsel for Fox Film, Fox Television, and New World Television Productions, Inc. of claims for copyright infringement arising out of the unlicensed use of Watson's compositions in the television program *Santa Barbara*. On July 6, 2004, a class action against Fox Film, Fox Television, and the New World Entities was filed in the United States District Court for the Central District of California. Captioned *East et al. v. Twentieth Century Fox Film Corporation*

---

[1] In a lengthy corporate chain, Mafco was the parent of MacAndrews & Forbes Holdings, Inc. ("MacAndrews"), which in turn was the corporate parent of Andrews. Andrews owned New World Communications Group, Inc., which held the New World Entities as subsidiaries.

*et al.*, No. CV 04-4920 (C.D. Cal.), the action was brought on behalf of all owners of copyrighted musical compositions and sound recordings used on *Santa Barbara* without the owners' permission. On March 9, 2005, counsel for several major record labels and music publishing companies informed Randall Kender of Fox Legal Group that they were entitled to over $75 million in damages for willful copyright infringement on *Santa Barbara*.

In May 2005, eighteen months after it first received the Watson letter, Fox Entertainment faxed copies of the Watson and Kender letters and the *East* complaint to Media/Professional Insurance ("Media/Professional"), the Kansas-based claims manager for the Insurers. The letters were dated May 17, 2005, and printed on Fox Entertainment letterhead with a return address in Beverly Hills, California.

Media/Professional's response came in October 2005, when its claims counsel requested information relating to Fox Entertainment's relationship to the New World Entities. In the interim, both sides retained coverage counsel and the parties exchanged lengthy correspondence. This back-and-forth culminated on February 10, 2006, when Fox Entertainment provided the agreement and plan of merger between Fox and New World.

Eighteen days later, on February 28, 2006, the Insurers commenced the instant action by filing a complaint in the United States District Court for the Southern District of New York, naming Fox Entertainment, Fox Film, and Fox Television, but not the New World Entities, as defendants. The Insurers sought a declaratory judgment that they had no obligations to the three named defendants relating to the *East* action because they had breached provisions of the Policies requiring prompt notice and cooperation. On March 1, the day after filing suit, Defendants sent a letter to claims counsel for the Insurers inquiring as to the "status" of the Insurers' coverage investigation. The following day, the Insurers denied coverage and informed Defendants of their

4

New York action.

On March 24, 2006, Fox Film, Fox Television, and the New World Entities filed a complaint of their own in the Superior Court of California, seeking damages for breach of contract and tortious breach of the implied duty of good faith and fair dealing, and a declaration that the Insurers were obligated to provide coverage for the *East* action. That action was subsequently removed to the United States District Court for the Central District of California on April 21, 2006. On May 30, 2006, the Insurers filed an amended complaint in the first-filed New York declaratory judgment action, adding the New World Entities and News Corp. as defendants.

The Insurers suffered a string of setbacks in the summer of 2006. First, on July 27, the district court in the New York action granted Defendants' motion to dismiss. *See Employers Ins. of Wausau v. News Corp.*, 439 F. Supp. 2d 328 (S.D.N.Y. 2006). The court noted that "[w]here 'essentially the same lawsuit involving the same parties and the same issues' is pending in two different federal courts, the 'first-filed rule' creates a presumption that the case filed earliest will take priority." *Id.* at 333 (quoting *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *abrogated on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990)). The later of the two cases will only take priority where there is a showing of "balance of convenience" or "special circumstances." *Id.* Without balancing the conveniences, the court concluded that special circumstances existed, in large measure based on two operative facts. First, the Insurers filed suit before Appellees requested coverage and before coverage was denied to them. Second, the Insurers "selectively excluded the New World Entities – the most logical parties against which to bring a coverage action," and entities with strong ties to California. *Id.* at 334. According to the district court, the Insurers desired a New York forum to enjoy the advantage of New York law, which, unlike California law, allows an insurer to disclaim coverage

5

based on late notice without requiring a showing of prejudice.[2] *Id.*

The Insurers were handed a second defeat on August 16, when the district court in Appellees' California action denied the Insurers' motion to transfer venue to the Southern District of New York. *See New World Television Prods., Inc. v. Nat'l Cas. Co.*, No. CV 06-02489 (C.D. Cal. Aug. 16, 2006). Finally, on September 5, Judge Mukasey denied the Insurers' motion for reconsideration. *See Employers Ins. of Wausau v. News Corp.*, No. 06 Civ. 1602, 2006 WL 2564394 (S.D.N.Y. Sept. 5, 2006). The Insurers appeal, arguing that the district court erred in not applying the first-filed rule and dismissing their complaint.

## DISCUSSION

### I

This Court reviews a district court's decision to apply or depart from the first-filed rule for an abuse of discretion. *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991). As a general rule, "[w]here there are two competing lawsuits, the first suit should have priority." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986)) (alteration in original). This rule "embodies considerations of judicial administration and conservation of resources" by avoiding duplicative litigation and honoring the plaintiff's choice of forum. *Id.* at 80. We have recognized only two exceptions to the first-filed rule: (1) where the "balance of convenience" favors the second-filed action, *see, e.g.*, *Motion Picture Lab. Technicians Loc. 780*, 804 F.2d at 19; *Remington Prods. Corp. v. Am. Aerovap, Inc.*, 192 F.2d 872, 873 (2d Cir. 1951), and (2) where "special circumstances" warrant giving priority to the second suit, *see, e.g.*, *First*

---

[2] The court also held that the Insurers did not allege a "case or controversy" against Fox Entertainment or "News Corp." because they neither faced suit in the *East* action nor claimed coverage under the Policies. *Employers Ins. of Wausau*, 439 F. Supp. 2d at 333 n.8.

*City Nat'l Bank*, 878 F.2d at 79. Although these basic principles are "well-settled," *id.*, their application has yielded dramatically inconsistent results.

The two exceptions to the first-filed rule are premised on the notion that the "federal declaratory judgment is not a prize to the winner of a race to the courthouses." *Factors Etc., Inc.*, 579 F.2d at 219 (quoting *Perez v. Ledesma*, 401 U.S. 82, 119 n.12 (1971) (Brennan, *J.*, dissenting)). However, this admonition merely reminds us that the first-filed rule does not constitute an invariable mandate. The inquiry still requires selection of the more appropriate forum, since the first-filed rule is only a "'presumption' that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Berisford Capital Corp. v. Cent. States, Se. & Sw. Areas Pension Fund*, 677 F. Supp. 220, 222 (S.D.N.Y. 1988); *see also Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 751 (S.D.N.Y. 1977) ("[A]n even or inconclusively tilted 'balance of convenience' would ordinarily support application of the first-filed rule.").

In applying the "balance of convenience" exception, we have considered the ties between the litigation and the forum of the first-filed action. *See Motion Picture Lab. Technicians Loc. 780*, 804 F.2d at 19. We agree with several district courts within our circuit that the "factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002). Among these factors are:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

7

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)) (alteration in original). A balance of these factors will identify the more appropriate forum.

Given the centrality of the balance of convenience, the "special circumstances" in which a district court may dismiss the first-filed case without this analysis are quite rare. In fact, we have identified only a limited number of such circumstances. One exists where the first-filed lawsuit is an improper anticipatory declaratory judgment action.[3] *See Factors Etc., Inc.*, 579 F.2d at 219 (holding that the district court properly allowed later-filed suit to proceed because first-filed declaratory judgment suit was triggered by notice letter and was therefore "in apparent anticipation of [the later-filed suit]"). District courts in this Circuit have recognized that, in order for a declaratory judgment action to be anticipatory, it must be filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action.[4] *See, e.g.*, *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 55 (S.D.N.Y. 2001); *Fed. Ins. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347, 350 (S.D.N.Y. 1992). Another special circumstance is "where forum shopping *alone* motivated the choice of the situs for the first suit." *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) (emphasis added). This does not mean that any evidence of forum shopping will suffice. Any lawyer who files a case on behalf of a client must consider which of the available fora might yield some advantage to his

---

[3] Another, more specific special circumstance exists when the first-filed suit is against the customer of an alleged patent infringer, while the second suit involves the infringer directly. *See Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 424 n.4 (2d Cir. 1965) (citing *Delamere Co. v. Taylor-Bell Co.*, 199 F. Supp. 55 (S.D.N.Y. 1961)).

[4] As one commentator noted, a plaintiff should not be permitted to file "a preemptive action in order to deprive the 'natural plaintiff' of its choice of forum." 17 James Wm. Moore et al., Moore's Federal Practice § 111.13[1][c][i] (3d ed. 2007).

8

client, and thus, to that degree, engages in "forum shopping." Rather, the first-filing plaintiff must engage in some manipulative or deceptive behavior, or the ties between the litigation and the first forum must be so tenuous or de minimis that a full "balance of convenience" analysis would not be necessary to determine that the second forum is more appropriate than the first. Where special circumstances are not present, a balancing of the conveniences is necessary.

**II**

Applying these rules to this appeal, we conclude that the district court erred in finding special circumstances warranting departure from the first-filed rule. The court premised its dismissal on its factual determinations that the Insurers filed suit before Appellees requested coverage and that the Insurers deliberately failed to name the New World Entities to avoid strengthening the ties between the action and California. *See Employers Ins. of Wausau*, 439 F. Supp. 2d at 333. Neither has a factual basis in the record. Therefore, neither can support a departure from the first-filed rule without a balancing of the conveniences.

The Insurers' declaratory judgment suit was not an improper anticipatory action – an action filed in response to a specific, direct threat of litigation. No such threat existed here. Despite receiving a notice letter in November 2003 and being named in the *East* action in July 2004, the Appellees did not notify the Insurers of potential claims against the Policies until May 2005. The Insurers' formal response to this notice in October was followed by frequent negotiations and requests for information, leading up to the filing of this action on February 28, 2006. The district court stated that the Appellees did not actually request coverage until March 1, 2006, one day later. *Id.* at 335. However, the record is replete with earlier coverage requests and inquiries by the Appellees, such as a January 6, 2006 letter requesting that counsel for the Insurers "[p]lease let us know what conclusion your client has reached regarding coverage for

9

this matter," and a January 24 letter requesting that counsel for the Insurers inform Appellees' counsel of the "conclusion your client has reached regarding coverage." Consequently, under New York law, the Insurers were within their rights to disclaim coverage by filing for declaratory judgment – they were under no obligation to disclaim coverage before doing so. *See, e.g.*, *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 775 F. Supp. 101, 110 (S.D.N.Y. 1991) ("Under New York law, the filing of a declaratory judgment action by an insurance company concerning liability for a particular claim is sufficient notice of disclaimer."); *Norfolk & Dedham Mut. Fire Ins. Co. v. Petrizzi*, 503 N.Y.S.2d 51, 53 (N.Y. App. Div. 1st Dep't 1986).

The action was not improperly anticipatory – it was not a response to a direct threat of litigation by the Appellees. Although litigation was clearly on the horizon, evidenced by the parties' retention of coverage counsel and the general tenor of the communications leading up to the action, and the Appellees may have been caught off guard by the timing of the complaint, there was no notice letter or other communication conveying a specific threat of litigation.

Nor was the Insurers' declaratory judgment action motivated *solely* by forum shopping. Appellees argue that the Insurers were manipulative in selectively naming Defendants in this action. We disagree for two reasons.

First, in their original complaint, the Insurers sued three entities: Fox Entertainment, Fox Film, and Fox Television. It was not until April 30, 2006, after the New World Entities sued them in California, that the Insurers filed their amended complaint, adding the New World Entities and News Corp. The district court held that because the New World Entities were "the most logical" defendants – those who happened to have the strongest ties to California and virtually no connection to New York – their omission from the complaint demonstrated forum shopping on the part of the Insurers. *Employers Ins. of Wausau*, 439 F. Supp. 2d at 334.

10

The Insurers argue that the New World Entities did not provide them with a notice of claim or request for coverage, and that they named the parties identified by the Defendants in their correspondence. The original May 2005 notices were written on the letterhead of the "Fox Entertainment Group, Inc.," and the February 10, 2006 letter was written on the letterhead of the "Fox Group [:] A Unit of News Corporation," by Randall Kender, litigation counsel for Fox Television and Fox Film. If the Insurers were trying to manipulate the parties in order to strengthen the action's ties to New York, as Appellees assert, they presumably would have named News Corp, since it was identified on the letterhead of the February 10, 2006 letter and has its principal place of business in New York. Since they did not, and since they added the New World Entities in their amended complaint shortly thereafter, their initial omission suggests a lack of familiarity with Appellees' corporate structure rather than an improper attempt at manipulation.[5]

Second, if the district court's conclusion that the decision not to join the New World Entities was tactical, then it was an extremely short-sighted tactic. The Insurers surely knew that forum selection litigation was a distinct possibility. They also had to know that in such motion practice, Appellees would raise the very point they have raised here – that the failure to join the New World Entities constituted "impermissible" forum shopping, and their absence pointed to California as a preferable forum. Indeed, the Insurers' amendment to include the New World Entities was an acknowledgment that the Insurers had little chance to prevail on a forum motion by excluding parties. The district court's conclusion that the failure to name the New World

---

[5] The conveniences should be measured at the time they are balanced, rather than at the time of the original complaint, since the court's primary concern is determining the connection between the action and the forum.

Entities was tactical therefore requires a finding that the Insurers were simultaneously clever and myopic. While it may have been more likely that the omission was the result of the complexities of the merger and acquisition activity among the Appellees rather than any deliberate attempt to gain an advantage in the anticipated forum litigation, ultimately our decision finding an abuse of discretion finds adequate support in the district court's factual error with regard to the chronology of events leading up to the commencement of the litigation in New York.

Moreover, although we express no opinion on the relative merits of a New York or a California forum, a matter we leave for the district court to determine on remand, the ties between the litigation and New York are not so de minimis that a balance of convenience analysis was unnecessary. Because no special circumstances existed, the district court was required to undertake a balance of convenience analysis in order to depart from the first-filed rule.

**III**

We also reverse the district court's dismissal of Fox Entertainment and News Corp. based on lack of a justiciable case or controversy. "That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. Rather, courts should focus on the practical likelihood that the contingencies will occur[]." *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir. 2001) (quoting *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992)) (omission in original). The district court determined that since neither entity faced liability in the *East* action or sought coverage under the Policies, they "conced[ed], albeit obliquely," that they were not insured by the Policies. *Employers Ins. of Wausau*, 439 F. Supp. 2d at 333 n.8. The record reflects otherwise. First, in their February 28, 2006 letter submitted pursuant to Fed. R. App. P. 28(j), Insurers point out that Fox

Entertainment's current insurer has reserved all of its rights to seek contribution from them for the underlying claims. Moreover, Appellees have informed this Court that News Corp. and Fox Entertainment may seek coverage from the Insurers. The record demonstrates that jurisdiction exists. *Cf. U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 107 (2d Cir. 2004) (affirming dismissal from coverage action of defendants who were not seeking coverage or sued in the underlying action).

## CONCLUSION

For the foregoing reasons, the judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.