*Abbott Labs. v. Feinberg*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand twenty-three.

PRESENT:
>
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
>
> *Circuit Judges*,

_____

ABBOTT LABORATORIES,

*Plaintiff-Appellee*,

v.                                                                              No. 21-45

NANCY FEINBERG, HOPE FEINBERG SCHROY, DAVID FEINBERG,

*Defendants-Appellants*.[*]

_____

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellee:**  WILLIAM F. CAVANAUGH, JR., Patterson Belknap Webb & Tyler LLP, New York, NY (Judd B. Grossman, Lindsay E. Hogan, Grossman LLP, New York, NY, *on the brief*).

**For Defendants-Appellants:**  WILLIAM L. CHARRON (Kaveri Arora, *on the brief*), Pryor Cashman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the case is **REMANDED** to the district court for further proceedings consistent with this order.

Nancy Feinberg, Hope Feinberg Schroy, and David Feinberg, acting as co-executors of the estate of Carol Feinberg (collectively "Feinberg"), appeal the judgment of the district court granting title to *Maine Flowers*, a painting by Marsden Hartley, to Plaintiff-Appellee Abbott Laboratories ("Abbott").

Abbott purchased *Maine Flowers* in 1960. More than a quarter-century later, in 1987, Abbott delivered *Maine Flowers* to Robert Duncan for restoration

2

work by his company Chicago Appraisers' Association ("CAA"). Unbeknownst to Abbott, Duncan surreptitiously arranged for *Maine Flowers* to be copied and returned the forgery to Abbott while keeping the original for himself. A few months later, Duncan sold the original painting to Eric Kaufman, who then sold it to Berry-Hill Galleries, which in turn sold it to Carol Feinberg in 1993.[1]

In 2016, Abbott discovered that the version of *Maine Flowers* in its collection was a forgery and launched an investigation. By 2018, Abbott successfully traced *Maine Flowers* to Feinberg and demanded its return, threatening to bring a replevin action in New York if she declined to return the painting. Feinberg refused and filed a preemptive suit in 2018 in the Northern District of Illinois, seeking a declaratory judgment that she was the rightful owner of *Maine Flowers*. Shortly thereafter, Abbott commenced its own action in the Southern District of New York, seeking replevin for *Maine Flowers* and a declaratory judgment as to Abbott's title to the painting. The Northern District of Illinois then transferred Feinberg's case to the Southern District of New York, where the cases were consolidated pursuant

---

[1] Carol Feinberg was originally a party to these cases. After her death in 2019, *Maine Flowers* was held by her estate. Her children Nancy Feinberg, Hope Feinberg Schroy, and David Feinberg, as co-executors of her estate, were substituted as the defendants in Abbott's case and the plaintiffs in Carol Feinberg's case.

to Federal Rule of Civil Procedure 42.[2]   Following a bench trial, the district court entered judgment in favor of Abbott on its replevin and declaratory judgment claims.   Although the district court's judgment includes both cases in its caption, the body of the judgment is silent as to Feinberg's declaratory judgment claim.

"On appeal from a judgment after a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo."   *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 367 (2d Cir. 2008).   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Before we may turn to the merits of the appeal, we must first address whether we have appellate jurisdiction over *both* of these consolidated cases.   *See Coollick v. Hughes*, 699 F.3d 211, 217 (2d Cir. 2012).   We conclude that we have jurisdiction only to consider the appeal in Abbott's case because no final decision was entered in Feinberg's.   *See* 28 U.S.C. § 1291 (recognizing that appellate courts "shall have jurisdiction of appeals from all final decisions of the district courts"). The Supreme Court made clear in *Hall v. Hall*, 138 S. Ct. 1118 (2018), that the

---

[2] Feinberg's complaint originally included a claim for slander of title.   After the case was transferred to the Southern District of New York and consolidated with Abbott's case, Feinberg voluntarily dismissed that cause of action.

consolidation of multiple cases under Rule 42(a) "mean[s] the joining together – but not the complete merger – of constituent cases," *id.* at 1125. In other words, each of the "multiple cases consolidated under [Rule 42(a)] retains its independent character, at least to the extent it is appealable when finally resolved," *id.*, and "separate verdicts and judgments are normally necessary," *id.* at 1130. Certainly, nothing in the Supreme Court's discussion suggests that Rule 42 applies differently when the consolidated cases include mirror-image claims, as is the case here.

Although the district court's judgment here includes both cases in its caption, its body makes no clear reference to Feinberg's declaratory judgment claim. *See* Sp. App'x at 42 ("Plaintiff [Abbott] has demonstrated that it has superior title to Maine Flowers, and thus prevails on its declaratory judgment and replevin claims."). The district court's post-trial opinion also does not explicitly deal with Feinberg's own claim: while it refers to Feinberg instituting a declaratory judgment action in Illinois, its analysis discusses only Abbott's replevin claim, Abbott's declaratory judgment claim, and Feinberg's affirmative defenses under New York law. We therefore must remand Feinberg's case to

5

allow the district court to enter judgment in favor of Abbott as to Feinberg's declaratory judgment claim.

Having addressed the threshold question of appellate jurisdiction, we turn to the merits of the appeal in Abbott's case.   Feinberg does not contest the district court's finding that Abbott has proven each element of its replevin and declaratory judgment claims by a preponderance of the evidence.   Feinberg challenges only the district court's application of New York's statute of limitations and rejection of Feinberg's entrustment and laches defenses.   For the reasons set forth below, we reject each of these three challenges.

First, the district court correctly applied New York's statute of limitations for Abbott's replevin claim.   Sitting in diversity, we apply New York choice-of-law rules and statutes of limitations.   *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626-27 (2d Cir. 1998).   Courts in New York generally apply the state's three-year statute of limitations for replevin when the injury – which for these purposes is where a defendant "refused to hand over the property[,] essentially effectuating a conversion of the property" – took place in New York.   *In re Est. of McLaughlin*, 910 N.Y.S.2d 252, 254 (N.Y. App. Div. 3d Dep't 2010); *see also Hoelzer v. City of Stamford, Conn.*, 933 F.2d 1131, 1136 (2d Cir. 1991) ("[S]ince the instant

6

action accrued in New York State – where demand for return of the murals was made and refused – the district court properly looked to New York law for the governing statute of limitations."). Here, the parties do not dispute that Feinberg's refusal to hand over *Maine Flowers* took place in New York, where the painting has been since 1987. We therefore apply New York's three-year statute of limitations. The fact that the district court consolidated the two cases does not disturb this result. *See Hall*, 138 S. Ct. at 1130 ("[T]hrough consolidation under Rule 42(a)[,] one or many or all of the phases of the several actions may be merged. But merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." (internal quotation marks omitted)).

Feinberg contends, citing *Employers Insurance of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271 (2d Cir. 2008), that the district court should instead have applied Illinois's statute of limitations, arguing (1) that Feinberg brought the Illinois action before Abbott's replevin action was filed in New York; (2) that the district court in Illinois would have applied Illinois's statute of limitations; and (3) that "when a diversity action (like the Feinbergs' first-filed action) is transferred between federal courts pursuant to 28 U.S.C. § 1404(a), the choice of

7

law rules of the transferor court govern the resolution of the case by the transferee court." Feinberg's Brief at 37 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 635–37 (1964); *Ferens v. John Deere Co.*, 494 U.S. 516, 531–33 (1990)). We are unpersuaded.

Under the first-filed rule, as a general matter, "[w]here there are two competing lawsuits, the first suit should have priority." *Emp'rs Ins.*, 522 F.3d at 274–75 (internal quotation marks omitted). We have explained that "[t]his rule embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum." *Id*. at 275. With respect to the first-filed action here, i.e., Feinberg's action filed in the Northern District of Illinois, the district court there transferred the case to the Southern District of New York pursuant to section 1404(a) because of, inter alia, New York's greater convenience for the parties and New York's significant interest in the resolution of this matter, since the particular painting in question "ha[d] been physically located in New York for at least the past 25 years" and "New York is an epicenter of the art market." J. App'x at 60. Once the Feinberg action in Illinois was transferred to New York, the district court in New York had ample discretion to consolidate it with Abbott's action in whole, in part, or not at all. *See, e.g.*, Fed. R. Civ. P. 42(a). We review "a district court's decision to apply or depart

8

from the first-filed rule for an abuse of discretion." *Emp'rs Ins.*, 522 F.3d at 274. And having conducted a consolidated bench trial, the district court had ample discretion to decide either of the two mirror-image, incompatible claims of title to the painting before the other.

Nor is there merit in Feinberg's contention that the district court in New York was required under *Van Dusen* to apply Illinois's statute of limitations to Abbott's replevin claim on the premise that the district court in Illinois would have applied that statute of limitations. In the Illinois action, Feinberg sought a declaratory judgment that Feinberg "is the rightful owner of the Artwork . . . [and Abbott] does not have good title to the [painting]." J. App'x at 53. Abbott could defend against Feinberg's declaratory judgment action simply by presenting evidence that it had bought and owned the painting, that the painting was then stolen, and that it had not entrusted the painting to anyone who had the power to convey a good title to a purchaser in good faith. If Abbott had filed a replevin counterclaim in that action, Feinberg doubtlessly would have asserted a statute-of-limitations defense. However, Abbott did not file a counterclaim. Thus, while the district court in Illinois would have been required to apply Illinois's statute of limitations if the timeliness of Abbott's replevin claim had been

9

an issue, there was in fact no issue in the Illinois action as to any statute of limitations. Accordingly, there was no transferor-court statute of limitations for the district court in New York to apply as a venue transferee.

Under New York law, the three-year statute of limitations for replevin "runs from the time of the theft" if "the stolen object is in the possession of the thief." *Solomon R. Guggenheim Found. v. Lubell*, 77 N.Y.2d 311, 318 (1991). But when the stolen object is in the possession of a "good-faith purchaser," the claim "accrues when the true owner makes demand for return of the chattel and the person in possession of the chattel refuses to return it." *Id.* at 317–18. It is undisputed that the stolen object in this case – *Maine Flowers* – is in the possession of Feinberg, a good-faith purchaser. Abbott's replevin claim therefore accrued in 2018, when Abbott demanded the painting's return and Feinberg refused. Because Abbott filed its case later that year, Abbott's replevin claim was timely under New York's three-year statute of limitations.

Second, the district court properly rejected Feinberg's entrustment defense. Section 2-403(2) of the New York Uniform Commercial Code provides that "[a]ny entrusting of possession of goods to *a merchant who deals in goods of that kind* gives him power to transfer all rights of the entruster to a buyer in [the] ordinary course

10

of business." N.Y. U.C.C. § 2-403(2) (emphasis added). We have interpreted a merchant who "deals in goods of that kind" to be "one who regularly sells those goods." *Zaretsky v. William Goldberg Diamond Corp.*, 820 F.3d 513, 521 (2d Cir. 2016). Here, Abbott delivered *Maine Flowers* to Duncan and CAA for restoration in 1987. But Feinberg points to no evidence suggesting that Duncan or CAA was in the business of dealing art before 1988, the year they sold a different painting to Abbott. Because Feinberg failed to establish that Duncan or CAA sold – let alone "regularly" sold – paintings when Abbott delivered *Maine Flowers* to them, she is not entitled to an entrustment defense under New York law.

Third, the district court properly denied Feinberg's laches defense. Feinberg argues that she was prevented from raising a successful entrustment defense because of Abbott's delay in bringing this suit. She explains that because Duncan and all the individuals at Abbott who dealt with Duncan in 1987 are now deceased, she has been deprived of their testimony as to their business dealings. But "[a] party asserting a laches defense must show that the plaintiff has inexcusably slept on its rights so as to make a decree against the defendant unfair." *Zuckerman v. Metro. Museum of Art*, 928 F.3d 186, 193 (2d Cir. 2019). In other words, "[l]aches . . . requires a showing by the defendant that it has been

11

prejudiced by the plaintiff's unreasonable delay in bringing the action."  *Id.*

Because "[t]he existence of laches is a factual question that requires the court to

weigh the equities of each case," we review the district court's rulings as to laches

for abuse of discretion.  *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d

174, 193–94 (2d Cir. 2018); *see also Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187,

193 (2d Cir. 1996).   The district court found that Abbott's delay in conducting a

further investigation into the authenticity of *Maine Flowers* was reasonable in light

of the opinion from an expert on Hartley's work that the forgery in Abbott's

possession was consistent with Hartley's other works; the fact that the forgery was

returned to Abbott in the original frame and with the original labels; and the fact

that Abbott was engaged in authenticating a number of other, more valuable

pieces in its collection during the relevant time period.   The district court also

determined that Feinberg had not met its burden to establish otherwise.   On this

record, we cannot say that the district court's decision falls outside the range of

permissible decisions to constitute an abuse of discretion.

Accordingly, because the district court correctly applied New York's statute

of limitations and properly rejected Feinberg's affirmative defenses, we affirm the

district court's judgment in Abbott's case.

12

We have considered Feinberg's remaining arguments and find them to be without merit. As a result, we **AFFIRM** the judgment of the district court in Abbott's case and **REMAND** Feinberg's case for the district court to enter judgment in favor of Abbott.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13